**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ROBLES-CALVILLO, | No. 14-73197 |
| Petitioner, | Agency No. A092-602-328 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Jose Robles-Calvillo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision finding him removable and denying his application

for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny the petition for review.

The BIA did not err in concluding that California Health and Safety Code ("CHSC") § 11377(a) is divisible and in applying the modified categorical approach to its analysis of Robles-Calvillo's conviction under the section. *See id.* at 984-85 (holding that CHSC § 11377(a) is divisible and subject to the modified categorical approach); *see also United States v. Martinez-Lopez*, 864 F.3d 1034, 1040-41 (9th Cir. 2017) (en banc) (holding that a similar California controlled substance statute is divisible with respect to the listed substances). Thus, the agency did not err in concluding that Robles-Calvillo's 2007 conviction under CHSC § 11377(a) is an offense relating to a controlled substance that renders him removable. *See* 8 U.S.C. § 1227(a)(2)(B)(i).

The agency did not err in determining that Robles-Calvillo failed to establish that his 1994 offense under CHSC § 11377(a) was not a controlled substance violation that renders him ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(d)(1); *Pereida v. Wilkinson*, 141 S.Ct. 754, 766 (2021) (an applicant for relief from removal cannot establish eligibility where a conviction record is inconclusive as to which elements of a divisible statute formed the offense). Thus, Robles-Calvillo's cancellation of removal claim fails.

**PETITION FOR REVIEW DENIED.**

14-73197